UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FREDRICK ANDREW MORRIS,

        Plaintiff,

v.                                            Case No. 21-CV-1393

DR. FARZANEH TONDKAR,
JOHN KIND, LORI WACHHOLZ,
VIRGINIA TRZOBIATOWSKI, and
MICHELLE HAESE,

        Defendants.

---

### ORDER

---

Plaintiff Fredrick Andrew Morris, who is confined at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Morris also filed two motions for temporary restraining orders or preliminary injunctions (ECF Nos. 5, 19), a motion for a scheduling conference (ECF No. 17), a motion to amend relief requested (ECF No. 20), a motion for mediation (ECF No. 26), and a motion for leave to proceed without prepaying the filing fee (ECF No. 2). This order addresses these outstanding motions and screens his complaint.

The court has jurisdiction to screen the complaint in light of Morris's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth

in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because Morris was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On December 14, 2021, the court ordered Morris to pay $11.84 as an initial partial filing fee by January 3, 2022. (ECF No. 11.) The court granted Morris an extension to pay the initial partial filing fee by February 3, 2022. (ECF No. 13.) Morris paid the fee on December 30, 2021. Thus, the court will grant Morris's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

**SCREENING OF THE COMPLAINT**

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon

2

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

3

*Morris's Allegations*

Morris alleges that beginning on July 3, 2021, he went on a hunger strike. (ECF No. 1 at 2.) The week of July 4, 2021, Defendants Dr. Farzaneh Tondkar, Lori Wachholz, and Virginia Trzobiatowski were made aware that Morris was not eating and monitored him through his entire hunger strike, which lasted until August 13, 2021. (*Id.*) Morris lost 59 pounds and sustained kidney damage. (*Id.* at 2-3.) He still suffers from kidney issues to this day. (*Id.* at 3). Morris states Tondkar, Wachholz, and Trzobiatowski should have secured a court order to force treatment for the hunger strike once he refused to participate in any assessments or examinations. (*Id.* at 2-3.)

*Analysis*

Morris's complaint does not contain any allegations discussing defendants John Kind or Michelle Haese. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specifically allege what each individual defendant did (or did not do) to violate his constitutional rights. Absent any allegations that they did anything to violate his constitutional rights, Kind and Haese are dismissed.

4

Morris claims that the remaining defendants violated his Eighth Amendment rights when they ignored the effects of his hunger strike. The Eighth Amendment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Such conditions include "grossly inadequate medical care." *Id.* "A § 1983 claim based upon a violation of the Eighth Amendment has both an objective and subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006).

While his compliant is not very detailed, at this stage Morris sufficiently alleges that Tondkar, Wachholz, and Trzobiatowski were deliberately indifferent to the negative effects the hunger strike was having on him. He alleges they knew about his hunger strike, knew he was refusing assessments, and knew he was losing weight, but did not take the necessary steps to prevent harm to him, including seeking a court order to force treatment. Morris may proceed on an Eighth Amendment deliberate indifference claim against Tondkar, Wachholz, and Trzobiatowski.

## MOTION TO AMEND RELIEF REQUESTED (ECF NO. 20.)

Morris originally sought $10 million in damages. (ECF No. 1 at 4.) On January 24, 2022, he filed a motion to amend the relief requested to $250,000. (ECF No. 20.) The court grants this motion.

## MOTION FOR A SCHEDULING CONFERENCE AND MOTION FOR MEDIATION (ECF NOS. 17, 26.)

Morris requests that the court set a scheduling conference pursuant Federal Rule of Civil Procedure 26(f) and that the court order mediation because he is ready and willing to come to a settlement. In prisoner cases, because the court must screen the complaint before the defendants are served the complaint, and because conducting hearings with prisoners can sometimes create logistical issues, once the defendants answer the complaint the court will issue a scheduling order setting the relevant deadlines for the case. There is no need for a scheduling conference. Morris's motion is denied.

The court will also deny Morris's motion for mediation. Once the defendants answer the complaint, if Morris is interested in mediation he should contact the defendants' attorney to gauge their level of interest in mediation. If both parties agree to mediation, the court is able to facilitate mediation with another magistrate judge.

## MOTIONS FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION (ECF NOS. 5, 19.)

Morris filed two motions for a preliminary injunction seeking a court order directing Green Bay Correctional Institution to either seek a court order to force

treatment for his next hunger strike or to take proactive measures to appropriately monitor him.

A preliminary injunction or temporary restraining order is "an extraordinary remedy" that a court may grant only after a "clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7. 22 (2008). To make such a showing, the plaintiff must show that 1) his underlying case has some likelihood of success on the merits; 2) no adequate remedy at law exists; and 3) he will suffer irreparable harm without the injunction. *Wood v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007). If the plaintiff makes that showing, then the court must balance the harm to each party and to the public interest caused by granting or denying the injunction. *Id. See also Korte v. Sebelius*, 735 F.3d 654 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809 813 (7th Cir. 1999). Injunctive relief is appropriate only if it seeks relief from actions similar to the plaintiff's claims in the underlying case. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Neuroscience, Inc. v. Forrest*, No. 12-cv-813, 2013 WL 6331348 at *1 (W.D. Wis. Dec 5, 2013).

In Morris's second motion he notes that, during his last hunger strike, which lasted from December 1, 2021, through January 17, 2022, he was placed in a cell that is monitored by central control. (ECF No. 19 at 1.) Morris asks the court to issue an order to make sure Green Bay keeps him in that cell. The request is premature, as Morris is still in that cell. It is also speculative, because it assumes Morris will go on another hunger strike and that the institution will not respond

appropriately if he does. Additionally, in both motions Morris has not demonstrated that he lacks an adequate remedy at law or that he would suffer irreparable harm without the injunction. Morris's motions for a preliminary injunction or temporary restraining order are denied.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Morris's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Morris's motion to amend the relief requested (ECF No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Morris's motion for a scheduling conference (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Morris's motion for mediation (ECF No. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that Morris's motions for a preliminary injunction or temporary restraining order (ECF Nos. 5, 19) are **DENIED**.

**IT IS FURTHER ORDERED** that John Kind and Michelle Haese are **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Dr. Farzaneh Tondkar, Lori Wachholz, and Virginia Trzobiatowski. It is

**ORDERED** that, under the informal service agreement, the defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Morris shall collect from his institution trust account the $326.31 balance of the filing fee by collecting monthly payments from Morris's prison trust account in an amount equal to 20% of the preceding month's income credited to Morris's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Morris is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Morris is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Morris is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Morris is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Morris's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Morris may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 11th day of February, 2022.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge