# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FREDRICK ANDREW MORRIS,**

  **Plaintiff,**

v.                Case No. 21-CV-1393

**DR. FARZANEH TONDKAR,** *et al.*,

  **Defendants.**

## ORDER

On February 16, 2022, *pro se* plaintiff Frederick Andrew Morris filed a motion to reconsider the screening order dated February 11, 2022. (ECF No. 32.) Specifically, Morris asks why the court did not address his state law tort claim and requests that the court allow him to proceed on his state law claim in addition to his Eighth Amendment deliberate indifference claim. On March 9, 2022, Morris filed a motion to amend his complaint to add defendants. (ECF No. 37.) This order resolves those motions.

### MOTION FOR RECONSIDERATION (ECF No. 32)

The court has reviewed Morris's complaint and notes that at the very end of his allegations he stated, "The inactions of the defendants amounts to deliberate indifference to a serious medical need as well as state law torts." (ECF No. 1 at 3.) As such, the court will grant Morris's motion and exercise supplemental jurisdiction over his state law torts claim. *See* 28 U.S.C. §1367(c); *Bailey v. City of Chicago*, 779

F.3d 689, 696 (7th Cir. 2015). However, the court notes that, while at this stage of the litigation Morris sufficiently alleges enough to proceed on a state law torts claim, "state law torts" is vague and a review of Morris's state law claim will be dictated by the content of his notice of injury that he sent to the State of Wisconsin.

## MOTION TO AMEND THE COMPLAINT (ECF No. 37)

Morris also filed a motion to add two defendants who acted in a supervisory capacity. While Federal Rule of Civil Procedure 15(a) allows a party to amend a pleading as a matter of course within 21 days after the pleading was served on the opposing party, Civil Local Rule 15(a) requires that a party "reproduce the entire pleading as amended and may not incorporate any prior pleading by reference."

Morris did not reproduce his entire amended complaint, so the court denies his motion without prejudice. If Morris wishes to amend his complaint, he may refile his motion. His motion must include a complete version of his amended complaint that includes the new allegations because the amended complaint takes the place of the original complaint.

**IT IS THEREFORE ORDERED** that Morris's motion for reconsideration (ECF No. 32) is **GRANTED**. The court exercises supplemental jurisdiction over his state law tort claim.

**IT IS FURTHER ORDERED** that Morris's motion to amend the complaint (ECF No. 37) is **DENIED** without prejudice.

2

Dated at Milwaukee, Wisconsin this 18th day of March, 2022.

BY THE COURT

*William E. Duffin*
WILLIAM E. DUFFIN
United States Magistrate Judge