FREDRICK ANDREW MORRIS,

        Plaintiff,

v.                                        Case No. 21-CV-1393

DR. FARZANEH TONDKAR, *et al.*,

        Defendants.

## ORDER

*Pro se* plaintiff Frederick Andrew Morris has filed six motions—a motion for default judgment against all defendants (ECF No. 42); a motion for a scheduling conference (ECF No. 43); a motion to compel defendant Dr. Farzaneh Tondkar to answer the complaint (ECF No. 54); a motion to compel the Wisconsin Department of Justice to produce his "state torts"; (ECF No. 55); a motion for default judgment against Dr. Tondkar (ECF No. 56); and a motion for the court to intervene due to imminent danger (ECF No. 64). This order resolves these motions.

**MOTIONS CONCERNING DR. TONDKAR (ECF NOS. 54 and 58)**

On February 11, 2022, the court issued a screening order allowing Morris to proceed against Dr. Tondkar on an Eighth Amendment claim of deliberate indifference for failure to properly treat the effects of his hunger strike. (ECF No. 31 at 5.) Due to the nature of the allegations, the court believed that Dr. Tondkar was employed by the Wisconsin Department of Corrections, and therefore was subject to the informal

service agreement between this court and the Wisconsin Department of Justice. The court ordered the complaint to be served upon Dr. Tondkar under that informal service agreement and ordered Dr. Tondkar to respond to the complaint within 60 days. (*Id.* at 8.)

On March 4, 2022, Assistant Attorneys General Katherine C. Polich and Kathryn A. Pfefferle filed an acceptance of service under the information service agreement. (ECF No. 34.) In the acceptance of service, they indicated that, because Dr. Tondkar was employed by an outside contractor, InfiniCare Health Staffing, they would not be accepting service on her behalf. (*Id.*) On March 7, 2022, the court transmitted notice of the lawsuit, a waiver of service, the complaint, and the screening order to the U.S. Marshal Service for service upon Dr. Tondkar. (ECF No. 36.) On April 11, 2022, the waiver of service form signed by Dr. Tondkar was filed. (ECF No. 40.) On this form, Dr. Tondkar indicated that she understood that she "must file and serve an answer or a motion under Rule 12 within 60 days from March 15, 2022, the date when this request was sent . . .If I fail to do so, a default judgment will be entered against me." (*Id.* at 1.)

On May 12, 2022, Dr. Tondkar filed a letter indicating that she was no longer employed at Green Bay Correctional Institution, explained her role in Morris's care, and generally denied deliberate indifference. (ECF No. 52.) The letter did not meet the requirements of an answer under Federal Rules of Civil Procedure 10, 11, and 12.

Dr. Tondkar's letter is an insufficient response to this lawsuit. Because Dr. Tondkar is currently representing herself, the court will give her another opportunity

2

to properly respond to the complaint in accordance with the relevant Federal Rules of Civil Procedure and Local Rules. She may want to obtain a lawyer to represent her. If Dr. Tondkar fails to answer Morris's complaint within 30 days of the date of this order, the court will find her in default.

The court will grant Morris's motion to compel Dr. Tondkar to file a pleading responsive to his complaint. The court will deny Morris's motion for a default judgment. Before Morris may move for default judgment under Federal Rule of Civil Procedure 55, the court must first find Dr. Tondkar in default. If Dr. Tondkar fails to answer within the time specified above, she will be found in default. At that point, Morris may move for default judgment.

**MOTION FOR DEFAULT JUDGMENT AS TO ALL DEFENDANTS (ECF NO. 42)**

On April 14, 2022, Morris filed a motion for default judgment against all defendants because, he stated, none of them answered his complaint within the 60 days stated in the court's screening order. (ECF No. 42.) However, the Department of Justice only accepted service of the complaint on behalf of Lori Wachholz, the only defendant currently employed by the Wisconsin Department of Corrections. (ECF No. 34.) As such, Wachholz was the only defendant who was subject to the 60-day deadline. Wachholz answered the complaint on April 11, 2022, which was timely. (ECF No. 39.)

The other two defendants, Dr. Tondkar and Virginia Trzobiatowski, were required to be served by the U.S. Marshal Service, which extended their deadline to respond. Trzobiatowski timely answered the complaint on May 10, 2022, less than a

3

month after a summons was issued to her. (ECF Nos. 46, 49.) Dr. Tondkar's circumstances have already been addressed by this court above. As such, the court denies as moot Morris's motion for default judgment as to all defendants.

### MOTION FOR SCHEDULING CONFERENCE (ECF NO. 53)

Morris also moves the court to hold a scheduling conference to discuss discovery and dispositive motions. (ECF No. 53). Once Dr. Tondkar either answers the complaint or is found to be in default the court will issue a scheduling order with deadlines for discovery and dispositive motions. The scheduling order will also contain information on how to conduct discovery. Morris's motion is denied.

### MOTION TO COMPEL STATE TORTS (ECF NO. 55)

Morris filed a motion stating that he has "yet to get my state torts from the DOJ so I ask this court to compel them to get it to me." (ECF No. 55.) It is not clear what Morris is requesting, although the court suspects he seeks information related to his state law torts claim upon which he was allowed to proceed. If that is the case, Morris must wait until discovery opens to request this information from the defendants. Morris's motion is denied.

### MOTION TO INTERVENE (ECF NO. 64)

Stating he is in imminent danger, Morris moves the court to intervene. (ECF No. 64). Morris asserts he went on a hunger strike on June 8, 2022. (*Id*, ¶ 1.) According to Morris, Wisconsin Division of Adult Institution policy # 300.00.57 is being ignored. (*Id.*, ¶ 4.) He states that he believes this is another case of deliberate indifference.

Morris does not explain how he is in imminent danger or how the policy violation is putting him in imminent danger. Regardless, the court has no authority to intervene in the administration of Green Bay Correctional Institution. If Morris believes his rights are being violated, he must use the prison's grievance system to seek resolution. After he exhausts his administrative remedies, he may then file a new lawsuit. If he believes the constitutional violations are substantively related to this case, and believes he is in imminent danger, he may file a motion for a temporary restraining order (TRO). However, as the court explained when it addressed his previous motions for a TRO, in order to prevail he must demonstrate that he lacks an adequate remedy at law or that he would suffer irreparable harm without a TRO. (ECF No. 31 at 7-8.)

Finally, the court notes that Morris has a habit of filing several motions related to the management of his case. The court has not been dilatory in handling Morris's case. The court has a number of other matters that require its attention, including a number of lawsuits brought by other prisoners seeking relief not unlike that sought by Morris. Such motions only slow down, rather than speed up, the disposition of Morris's case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Morris's motion to compel Dr. Tondkar to answer the complaint (ECF No. 54) is **GRANTED**. Dr. Tondkar has until **July 15, 2022,** to answer the complaint or otherwise explain to the court why she is unable to do so by that date. If Dr. Tondkar needs more time, she may file a motion for extension

5

of time to answer the complaint. Failure to respond or provide an explanation by July 15 as to why she cannot respond will result in the court finding Dr. Tondkar in default.

**IT IS FURTHER ORDERED** that the clerk of court send a copy of this order to the address provided by Dr. Tondkar.

**IT IS FURTHER ORDERED** that Morris's motion for default judgment against Dr. Tondkar (ECF No. 58) is **DENIED**.

**IT IS FURTHER ORDERED** that Morris's motion for default judgment against all defendants (ECF No. 42) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Morris's motion for a scheduling conference (ECF No. 53) is **DENIED**.

**IT IS FURTHER ORDERED** that Morris's motion to compel state torts (ECF No. 55) is **DENIED**.

**IT IS FURTHER ORDERED** that Morris's motion to intervene (ECF No. 64) is **DENIED**.

Dated at Milwaukee, Wisconsin this 16th day of June, 2022.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge