# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**FREDRICK ANDREW MORRIS,**

        **Plaintiff,**

  **v.**                              **Case No. 21-CV-1393**

**DR. FARZANEH TONDKAR,** *et al.*,

        **Defendants.**

---

### ORDER

---

On March 18, 2022, the court entered an order denying *pro se* plaintiff Frederick Morris's motion to amend his complaint because he failed to follow Civil Local Rule 15(a) and reproduce the entire complaint as amended. (ECF No. 38.) The court informed Morris that he could refile his motion and include a complete version of his amended complaint. On June 3, 2022, Morris filed a proposed amended complaint. (ECF No. 60.) Although he did not refile his motion to amend explaining what changes he seeks, the court will consider his proposed amended complaint. The court also notes that Morris included in his amended complaint additional named defendants. (ECF No. 61.)

Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182.

Allowing Morris to amend the complaint would be futile. The claims against Dr. Farzaneh Tondkar, Lori Wachholz, and Virginia Trzobiatowski are substantially the claims in Morris's original complaint. Morris seeks to add claims against defendants Daniel Lavoie, Director Michael Rivers, Mental Health Director Kevin Kallas, and Nursing Director Mary Muse under a theory of supervisor liability. (ECF Nos. 60, 61.) He implies that these defendants failed to properly supervise Dr. Tondkar, Wachholz, and Trzobiatowski, though he does not add much detail about what they did or did not do.

Supervisors can be held liable for constitutional violations caused by their employees only when the violation happens at the supervisor's direction or with the supervisor's knowledge and consent. *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* Morris does not allege that any of the new defendants knew of the actions of Dr. Tondkar, Wachholz, or Trzobiatowski. Because he does not state a claim against the new defendants, allowing him to amend his complaint to add them as defendants would be futile.

**IT IS THEREFORE ORDERED** that Morris's proposed amended complaint (ECF No. 60) be **STRICKEN** from the record.

Dated at Milwaukee, Wisconsin this 25th day of July, 2022.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge