UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDRICK ANDREW MORRIS,

      Plaintiff,

v.                                          Case No. 21-CV-1393

DR. FARZANEH TONDKAR, *et al.*,

      Defendants.

## ORDER

In conjunction with her motion for summary judgment, defendant Dr. Farzaneh Tondkar filed a motion to restrict documents she submitted in support of her motion. (ECF No. 120.) In conjunction with his responses to the motions for summary judgment filed by all defendants, *pro se* plaintiff Fredrick Andrew Morris submitted three motions to impeach. (ECF Nos. 129, 130 and 133.) This order resolves these motions.

### MOTION TO RESTRICT (ECF NO. 120)

Dr. Tondkar seeks to restrict medical records that "contain private, confidential healthcare information as to Mr. Morris." (ECF No. 120 at 1.) "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). In the case of medical records, there needs to be good cause to restrict the medical records. *Bond v. Utreras*,

585 F.3d 1061, 1074 (7th Cir. 2009). Restricting the medical records is appropriate where "a plaintiff's interest in privacy outweighs the probative value of the information contained in the records." *Mathhews v. Waukesha Cty*, 2012 WL 695669 at *12 (E.D. Wis. March 1, 2012) (citing *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006)).

Considering that Dr. Tondkar relies heavily on Morris's medical records to support her motion for summary judgment, they are highly probative. Also, on August 22, 2022, Morris signed an authorization form releasing medical records that cautions him that his medical information will be subject to disclosure and no longer subject to privacy standards. (ECF No. 152 at 2-3.) As such, the court will deny Dr. Tondkar's motion.

**MOTIONS TO IMPEACH (ECF NOS. 129, 130 and 133)**

Morris submits three motions to impeach various defendants. The court notes that his first and third motions are identical and seek to impeach defendant Lori Wachholz on the ground that she lied in her declaration about his height. (ECF Nos. 129 and 133.) The second motion seeks to impeach defendant Rachel Matushak for evidence used in Wachholz's proposed findings of fact and declaration where Matushak stated that she (Matushak) saw Morris walk to and from the Health Services Unit. (ECF No. 130.)

In his motions it appears that Morris is contesting facts put forth by the defendants, which should be done in his materials responding to their summary judgment motions and not separately in a "motion to impeach." At summary judgment

2

the court will consider which facts Morris contests (and whether he supports any contested fact by citing to evidence in support of his position) and determine whether a genuine dispute of material fact exists. It appears that in his summary judgment response Morris raises the same issues as he raises in his motions to quash. Therefore, the court will deny his motions to quash.

**IT IS THEREFORE ORDERED** that Dr. Tondkar's motion to restrict documents (ECF No. 120) is **DENIED**.

**IT IS FURTHER ORDERED** that Morris's motions to impeach (ECF Nos. 129, 130, and 133) are **DENIED.**

Dated at Milwaukee, Wisconsin this 25th day of April, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge